IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME A. CHAPA, | § | |
| | § | |
| v. | § | C.A. NO. C-07-207 |
| | § | |
| WARDEN O. PEREZ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A DEFAULT JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and currently is incarcerated at the Willacy County State Jail in Raymondville, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is petitioner's motion for a default judgment from an Article 11.07 writ of habeas corpus. (D.E. 3). For the reasons stated herein, it is respectfully recommended that petitioner's motion be denied.

## I. BACKGROUND

In February 1987, petitioner pleaded guilty to a charge of burglary of a habitation in the 79th Judicial District Court of Jim Wells County, Texas. (D.E. 1, at 2-3); (D.E. 2, at 1). He received a sentence of fifteen years. (D.E. 1, at 3); (D.E. 2, at 1). In October 1988, he was released on parole. (D.E. 2, at 1). After violating his parole, petitioner was returned to TDCJ custody in 1992 before being released again on parole in October 1995. Id. He briefly had his parole revoked in

2000 before being released again.  Id.  Most recently, he was returned to TDCJ custody on May 7, 2006 for violating his parole.  Id.

Petitioner's projected release date is July 12, 2009.  (D.E. 2, at 1).  He complains that this release date fails to include his "street time" good time credit.  Id.

## II.  DISCUSSION

In his motion for a default judgment, petitioner utilizes the state court style and case number, State of Texas v. Jaime A. Chapa, Cause No. 5936, but indicates that it is filed before this Court.  (D.E. 3, at 1).  Moreover, he indicates that "Jamie A. Chapa Defendant in the above styled and number cause [] respectfully moves this Court to follow the Rules of law and rule in favor of the defendant in this motion."  Id. (emphasis in original).  Specifically, he argues that the State and the state district court have had ample time to respond to his Article 11.07 writ, but have refused to do so.  Id.

**A.    The Applicability of the Younger Abstention Doctrine.**

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court cannot interfere with a pending state criminal proceeding absent extraordinary circumstances.  Id. at 43-45.  Abstention is appropriate in cases where the assumption of jurisdiction by a federal court "would interfere with pending state proceedings, whether of a criminal, civil, or even administrative

character." Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) (citation omitted); see also Tex. Ass'n of Bus. v. Earle, 388 F.3d 515, 518 (5th Cir. 2004) (federal courts must abstain from considering requests for relief or damages "based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted") (citing Younger v. Harris).  The Fifth Circuit has enunciated a three-part test to determine whether the Younger abstention doctrine applies:

> (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges.

Earle, 388 F.3d at 519 (citation omitted); accord Louisiana Debating, 42 F.3d at 1490 (citation omitted).

Regarding the first factor, it is evident that petitioner has filed a state habeas application pursuant to Article 11.07 and that the state court has not issued a decision in that case yet.  Thus, there is an ongoing state judicial proceeding.  See Earle, 388 F.3d at 519-21 & n.20 (discussing ongoing state proceedings).  Concerning the second factor, the conditions under which a citizen may be incarcerated is recognized as an important state interest.  Id. at 520 (stating that "[i]t is the criminal law arena where the federal courts' deference to state courts has been most pronounced"); see also DeSpain v. Johnston, 731 F.2d 1171, 1176

3

(5th Cir. 1984) (state has a compelling interest in its criminal justice system). The last factor is that there must be an opportunity in the state court proceedings to raise constitutional challenges. Here, petitioner has an opportunity to raise his constitutional challenges in his state application for habeas corpus relief, and, if necessary, on appeal. See State of Texas v. Payton, 390 F.2d 261, 272 (5th Cir. 1968) (through an Article 11.07 proceeding, a "state court is at least co-equal with Federal courts in its duties and responsibilities in the administration of federal constitutional law"); Ex parte Lockett, 956 S.W.2d 41, 42 (Tex. Crim. App. 1997) (en banc) ("Convicted felony defendants may utilize Article 11.07 to challenge ... fundamental or constitutional rights.").

It is respectfully recommended that petitioner's motion for a default judgment fails to overcome the burden established by the Younger abstention doctrine.

**B.    Standard of Review and Analysis for a Default Judgment.**

Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief. See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The

failure to respond to claims raised in a petition for habeas corpus does not entitle the prisoner to default judgment."). The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting habeas corpus relief because of the government's delay in responding to a court order. Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).

Here, petitioner has not established that default judgment is warranted. Indeed, even if the State of Texas has not responded in a timely fashion, a default judgment would not be the appropriate remedy. Instead, after properly exhausting his state remedies, petitioner may challenge his state custody in a federal habeas petition. Therefore, it is respectfully recommended that petitioner's motion for default judgment be denied.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion for a default judgment from an Article 11.07 writ of habeas corpus, (D.E. 3), be denied.

Respectfully submitted this 9th day of May 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13 of the United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).