```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                  CORPUS CHRISTI DIVISION

JAMIE A. CHAPA                  §
                                §
VS.                             §    C.A. NO. C-07-207
                                §
NATHANIEL QUARTERMAN            §
```

**ORDER GRANTING RESPONDENT'S
AMENDED MOTION FOR SUMMARY JUDGMENT
<u>AND DISMISSING PETITION WITH PREJUDICE</u>**

In this § 2254 habeas corpus action, Petitioner Jamie A. Chapa ("Chapa") complains that the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") has failed to credit his sentences with time spent on parole, thus unlawfully detaining him in violation of his state and federal constitutional rights. (D.E. 1).  Respondent moves for summary judgment to dismiss the petition arguing, *inter alia,* that Chapa's prior conviction for aggravated assault with a deadly weapon precludes his claim for street time credit, such that he fails to state a cognizable claim for habeas corpus relief.  (D.E. 23).  Respondent also moves to dismiss on procedural grounds, arguing that Chapa's petition is barred pursuant to AEDPA's one-year statute of limitations and that Chapa failed to exhaust his state court remedies.  <u>Id.</u>

For the reasons stated herein, the Court denies Respondent's motion to dismiss the petition as time barred, finding that Chapa's federal petition was timely filed.  As agreed by the parties, the Court finds that Chapa has not exhausted his state court remedies;

1

however, the Court grants Respondent's amended motion for summary judgment and dismisses with prejudice Chapa's claims because he fails to state a claim upon which federal habeas corpus relief can be granted.

## I. JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

Chapa is currently in the custody of the TDCJ-CID pursuant to four judgments and sentences entered in the 79th District Court of Jim Wells County, Texas. (See RX-A[1]). In Cause No. 5936, Chapa was charged with burglary of a habitation. (RX-A at 10-11). In each of Cause Nos. 5895, 5896, and 5897, he was charged with delivery of cocaine. (RX-A at 1-9). Chapa pled guilty to committing all of the charged offenses. Id. at 1-11. On March 31, 1987, the trial court sentenced Chapa to fifteen (15) years in the TDCJ-CID on each offense, to run concurrently.[2] Id.

On October 26, 1995, Chapa was released to parole. (RX-C at 2). Following a revocation hearing, on May 23, 2006, the Texas

---

[1] Reference to respondent's exhibits filed with his motion for summary judgment, (D.E. 22), is to "RX" followed by the appropriate letter and page reference.

[2] Prior to his four convictions in 1987, on March 6, 1981, Chapa pled guilty to aggravated assault with a deadly weapon in Cause No. 4200 in Jim Wells County, Texas, and was sentenced to three years in prison. (RX-A at 12-13).

Board of Pardons and Paroles revoked Chapa's parole for violating the conditions of his release. (RX-C at 5-6). Chapa received credit on his sentence for time served in custody awaiting revocation, but was denied "street time" credit under § 508.283 of the Texas Government Code. (RX-B). Chapa was charged as out-of-custody for a period of 9 years, 11 months, and 12 days. Id.

On October 23, 2006, Chapa filed a time credit dispute resolution claim with the TDCJ.³ (RX-B at ¶ 3). On July 15, 2007, Chapa's time credit claim was denied. (D.E. at 4).⁴

Chapa has filed three state applications for writ of habeas corpus challenging his original burglary and drug convictions. Ex parte Chapa, Appl. Nos. 17,521-01, -02, -03. (RX-F). These were filed prior to his 1995 release to probation. Id. He filed one state application challenging the denial of street time credit. (RX-D). However, that application was returned for procedural irregularities, and has not yet been resubmitted. Id.

---

³ Effective September 1, 1999, any TDCJ-CID inmate "who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled," may not file an application for state habeas corpus under Article 11.07, Texas Code of Criminal Procedure, until the inmate has first filed a time credit dispute claim pursuant to § 501.0081 of the Texas Government Code.

⁴ In support of his motion for summary judgment, respondent offers the affidavit of Terry Laskie, a Program Specialist for the TDCJ Classification and Records Division. (RX-B) Ms. Laskie relates that, pursuant to § 501.0081, the TDCJ must respond to a time credit dispute claim within 180 days, or in this case, April 27, 2007. As of the date Of Ms. Laskie's affidavit, May 31, 2007, Chapa's time credit dispute claim was still pending. (RX-B at ¶ 3).

On May 3, 2007, Chapa filed the instant federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.[5]

### III. PETITIONER'S ALLEGATIONS

Chapa challenges his current confinement as violative of federal and state due process law. He claims that the Texas Board of Pardons and Paroles failed to credit him with earned street time to which he is entitled under Texas law, and as such, has detained him past his lawful sentence.

### IV. FEDERAL HABEAS REVIEW

Chapa filed this petition on May 3, 2007. (D.E. 1). The petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Williams v. Cain, 125 F.3d 269, 274 (5th Cir. 1997).

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." Ocellata v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). See also Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994), cert. denied, 514 U.S. 1111 (1995)(a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of

---

[5] Unexplainedly, the execution date on Chapa's petition is July 30, 2007. (See D.E. 1 at 9).

4

the Constitution of laws and treaties of the United States).

## V. <u>DISCUSSION</u>

**A.    Time Barred.**

Under AEDPA, state prisoners have a one-year statute of limitations within which to file a petition for federal habeas corpus relief. Limitations runs from the latest of four alternative dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

Respondent argues that subsection (D) applies,[6] and that

---

[6] In this section of respondent's motion for summary judgment, respondent refers to Chapa as "Stephens," argues that subsection (D) applies, and then concludes that the applicable provision to begin limitations is subsection (A). (<u>See</u> D.E. 23 at 6). The Court disregards this argument as nonsensical.

limitations runs from the date the factual predicate of Chapa's claims could have been discovered.  28 U.S.C. § 2244(d)(1)(D). Respondent argues that, at the earliest, the first time Chapa could have known through due diligence that he would not be entitled to street time credit on his sentences would have been at sentencing, on March 31, 1987, because at that time, Texas law provided that *all* parolees forfeited their street time upon parole revocation. See Ex parte Spann, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004) ("Prior to 2001, section 508.283 prescribed that *any* parole violator forfeited the benefit of street time credit.") (citations omitted, emphasis added). That is, at the time Chapa entered his guilty pleas and the judgments of conviction were entered (RX-A at 1-13), Chapa was **not** entitled under Texas law to credit on his sentences for possible street time he might earn while on parole in the future, because that was the status of the law at the time of his sentencing.

Respondent contends that this is the first time Chapa should have known he had a claim; however, at the time, mere knowledge of an unfavorable law is not tantamount to a "claim."  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995)(states *may* create liberty interests which are protected by the due process clause, but are not required to do so).  Indeed, when Chapa was sentenced in 1987, he could not have challenged on direct appeal or in a collateral

proceeding the fact that Texas law did not create a protected liberty interest in mandatory release. Spann, 132 S.W.3d at 392. The Court rejects the date of sentencing as the time from which limitations runs.

Similarly, respondent argues that Chapa should have known he had a claim when he signed his release to parole certificate on October 26, 1995. (See RX-B at 2). The certification paragraph specifically states:

> I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

(RX-B at 2).

Again, at the time Chapa signed the release to parole, section 508.283(c) had not yet been amended to authorize street credit for certain eligible inmates. His acknowledgment of the law as it was did not give rise to a claim. The Court rejects the use of the October 26, 1995 date.

It was not until September 1, 2001 that § 508.283(c) was effectively amended to authorize street time credit for certain eligible inmates who had reached the midpoint of their sentences or beyond, and it is the amended § 508.283(c) pursuant to which Chapa now claims he is entitled to credit on his sentences. However, between October 26, 1995 and June 26, 2006, Chapa was on parole. (See RX-B, Laskie Aff't at ¶ 1). As such, Chapa would not have had

a claim while on parole, and any attempt to raise such a claim would have been dismissed as premature. His claim for forfeited street time could only have matured once he was returned to the TDCJ and denied street time credit for time spent on parole. Thus, Chapa had one year from the date his parole was revoked on May 23, 2006, or until May 23, 2007, to file his federal petition. (See RX-D at 6). He filed his petition on May 3, 2007. (D.E. 1). It is timely. Respondent's motion to dismiss Chapa's petition as time barred is denied.

**B. Failure to exhaust.**

Respondent moved for summary judgment to dismiss Chapa's petition for failure to exhaust state court remedies, arguing that Chapa had failed to present his claims in a state habeas application. (D.E. 23 at 8-11). In response, Chapa admitted that exhaustion was incomplete, and he sought dismissal without prejudice to pursue his claims in state court. (D.E. 24). Respondent objected arguing that dismissal of Chapa's claims *with prejudice* is warranted because his federal claims are non-meritorious. (D.E. 25).

Under 28 U.S.C. § 2254 (b) and (c), a state prisoner's application for a federal writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). See also Sterling v. Scott,

57 F.3d 451, 453 (5th Cir. 1995) (noting that a fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief).  The exhaustion requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction.  Picard v. Connor, 404 U.S. 270, 275-76 (1971).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts."  Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).

In some instances, however, to insist upon exhaustion runs contrary to the interests of comity and judicial economy, and the district court must examine whether there exists "unresolved questions of fact or of state law might have an important bearing...."  Horsley v. Johnson, 197 F.3d 134, 137 (5th Cir. 1999), quoting Granberry v. Greer, 481 U.S. 129, 134 (1987). In Horsley, the petitioner brought unexhausted claims in federal court; his second state court writ had been dismissed as an abuse of the writ by the Texas Court of Criminal Appeals.  Horsley, 197 F.3d at 136.  The district court dismissed the petition without prejudice for failure to exhaust state court remedies.  Id.  On appeal, the Fifth Circuit found the district court had abused its

discretion in dismissing the petition without prejudice, noting that, if the petitioner returned to state court to exhaust his claims, his state petition would again be dismissed as an abuse of the writ under Texas law. Id. at 136-37. The Court concluded that, in such a situation, "there is no reason to insist on complete exhaustion." Id. at 137.

The parties agree that, at the time Chapa filed his federal petition, he had not yet exhausted his state remedies. Indeed, his time credit dispute claim was still pending with the TDCJ, and he had not re-filed his state habeas corpus application on the correct form. (See RX-B at ¶ 3; RX-D). His time credit dispute claim has since been rejected by the TDCJ. However, as discussed in section C below, his petition fails to raise an unresolved question of law or fact because he was convicted of aggravated assault with a deadly weapon, (RX-A at 12-13), such that he is not entitled under Texas law to street time credit on his sentence. Were Chapa to file a state writ, it would be denied on the merits for the same reasons set forth below. Accordingly, respondent's motion for summary judgment to dismiss Chapa's petition with prejudice for failure to exhaust is granted.

**C.  Merits.**

Respondent argues that, even if Chapa had exhausted his claims, his petition should be dismissed because he is not entitled to relief under federal or state law.

10

There is no federal constitutional right to credit for street time spent on parole prior to its revocation. Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001). See also Campos v. Johnson, 958 F. Supp. 1180, 1192 (W.D. Tex. 1997) ("It has been clear in this Circuit for almost three decades that a Texas prisoner has no constitutionally protected right to credit against his state sentence for time served on parole prior to revocation of same."). Thus, in and of itself, Chapa's claim for street time credit fails to raise a federal habeas corpus claim for relief.

Chapa's state claims involve a 2001 amendment to Texas state law that authorizes credit on an inmate's sentence for time spent on parole or mandatory supervision *if* the inmate is not specifically excluded due to the nature of his current or past offenses, and if he has served a significant amount of street time prior to revocation. See Tex. Gov't Code Ann. § 508.283(c). Before the 2001 amendments, § 508.283(c) provided that, if a person's parole or mandatory supervision was revoked, the person "may be required to serve the remaining portion of the sentence ... without credit" for street time. Section 508.283(c) now awards street time if, at the time the parole revocation warrant is issued, the person has spent more time on release than he had left to serve *and* he is not a person "described by § 508.149(a). Chapa maintains that he qualifies for street time credit because he has

11

met the statute's midpoint requirements and he is not *serving* a sentence described under § 508.149(a).

Texas law excludes from mandatory release consideration inmates who are serving sentences for, or who have been previously convicted of, certain crimes. See Tex. Gov't Code Ann. § 508.149 (2007). In particular, § 508.149(a), provides, in relevant part:

> (a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for ***or has been previously convicted of***
>
> (1) an offense for which the judgment contains an affirmative finding under Section 3(g)(a)(2), Article 42.12, Texas Code of Criminal Procedure; ...

Chapa was previously convicted of aggravated assault with a deadly weapon. (RX-A at 12-13).

Section 508.283(b) specifically states that a person described in § 508.149(a) is ***not*** entitled to street time credit:

> (b) If the parole, mandatory supervision, or conditional pardon of *a person described by Section 508.149(a)* is revoked, the person, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed ***without credit*** for the time from the date of the person's release to the date of the revocation.

Tex. Gov't Code § 508.283(b)(emphasis added).

Moreover, section 508.283(c), the section Chapa relies on, specifically excludes persons described by § 508.149(a):

> (c) If the parole, mandatory supervision or conditional pardon of a person other than *a person described by Section 508.149(a)* is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.

Tex. Gov't Code § 508.283(c) (emphasis added).

Ostensibly relying on Ex parte Mabry, 137 S.W.3d 58 (Tex. Crim. App. 2004), Chapa argues that he is entitled to street time because his current holding convictions are not excluded from mandatory release. In Mabry, the inmate had been convicted of burglary of a habitation, a first degree felony, but one that, in 1990, was not excluded from mandatory release consideration at the time because it did not involve a weapon or injury.[7] Id. at 59. The Texas Court of Criminal Appeals concluded that, because Mabry was eligible for mandatory release under the law at the time he committed the offense, he remained eligible for mandatory release. Id. at 59-60. Because he was eligible for mandatory release, he was not a person described by person § 508.149. Id. Mabry does not assist Chapa, however, because Mabry's offense did not involve a weapon, and there was no prior conviction that rendered him ineligible for mandatory release.

In Chapa's case, at the time he committed the 1987 offenses, those offenses were not excluded from mandatory release

---

[7] Eligibility for mandatory supervision is governed by the law in effect at the time the offense was committed. Ex parte Byrd, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005).

consideration. However, in 1995, the legislature made ineligible those inmates who had **ever** been convicted of one of the enumerated offenses set forth in § 508.149(a).[8] Ex parte Ervin, 187 S.W.3d 386, 389 (Tex. Crim. App. 2005). The changes were intended to prevent those **previously convicted** of crimes ineligible for mandatory supervision from eligibility for any future conviction, **regardless of the current offense.** Ervin, 187 S.W.3d at 389.

In his summary judgment response, Chapa argues that his situation is similar to that of the petitioner in In re Keller, 173 S.W.3d 492 (Tex. Crim. App. 2005). In Keller, however, the petitioner was on mandatory release for burglary of a vehicle. Keller, 173 S.W.3d at 495-96. The offense that rendered him ineligible for mandatory release, indecency with a child, arose **after** the burglary conviction, and as such, he was not "previously convicted" within the meaning of § 508.149(a). Id. at 497-98.

Chapa's 1981 conviction for aggravated assault included an affirmative finding of use of a deadly weapon during the commission of a felony offense. Tex. Code Crim P. art. 42.12 § 3g(a)(2)(West 2006). Because he was convicted of this offense prior to his convictions for burglary of a habitation and delivery of cocaine,

---

[8] These unarguably more serious offenses include, as in Chapa's case, any judgment containing an affirmative finding under Section 3g(a)(2), Article 42.12, of the Texas Code of Criminal Procedure (use of a deadly weapon used or exhibited during the commission of a felony); murder; capital murder; indecency with a child; aggravated kidnapping; aggravated sexual assault; and aggravated robbery.

it rendered him ineligible for release to mandatory supervision. Tex. Gov't Code § 508.149(a).  Because he is a person described in § 508.149(a), he is not entitled to street time credit on his sentence for time spent on parole, prior to revocation pursuant to § 508.283(c).

For these reasons, respondent's motion for summary judgment is GRANTED, and Chapa's petition is dismissed with prejudice.

ORDERED this 5th day of October, 2007.

_____
Janis Graham Jack
United States District Judge